Classic Laundry v. Traveler's Casualty. Good morning, Your Honor. First, I would like to apologize to the audience here that today's case is about policy of insurance and not something a little juicier for them to sink their teeth into. But of course, my client, who is the claimant in this case, for my client, this is something to sink their teeth into. Because as a result of the lower court's decision, my client, Classic Laundry, has been denied any recovery under its policy of insurance. And we would submit to the court that the mechanical application of the two-year limitation period that is in the policy of insurance should not be followed in every case. It's not mechanical. The court found that you had plenty of time to file within the two-year period. And therefore, under New York law, the two-year period was reasonable. And Peerless, I was on the panel that certified Peerless to the New York Court of Appeals. Peerless held that a limitations period in an insurance policy is enforceable as long as it's reasonable, as long as its application is reasonable. And you had more than enough time to file. Well, in this case, Your Honor, I think that the actual, the pivotal question is when the cause of action would have accrued. And without giving sway to the two-year limitation period, if that is an enforceable amount of time as a reasonable period of time, we still have to focus on when the claim accrued. And in this case, we would submit that the claim doesn't accrue until the period of restoration has closed. Because under the policy language, the claim Didn't you file a claim? Say that again, sir? Didn't you file a claim before the two-year period expired? We filed a property damage claim. Didn't file a loss of business claim.  be calculated until the end of the period of restoration. Didn't you file a claim? No. And in fact, as far as the property damage claim is concerned, there wasn't even a proof of loss that had been submitted by our client. But yet, the travelers did pay out on the property damage claim. Isn't your problem the one that you really bring up in a way by bringing up estoppel by bringing it up too late? You didn't plead estoppel early. Your problem is that because you were negotiating with the insurance company about this, you knew about it and you were negotiating because of it, you didn't file when you should have because you thought of it. Now you say estoppel, and it may well be that their behavior should estoppel, but that isn't before us because you didn't plead it. And the very fact of that, I think, runs against the argument you are making that somehow we should read the policy differently from what its language seems to do to start at the time it starts. Well, I think that the estoppel argument, I don't believe that it's been waived. There was no opportunity to amend the complaint. And I think that the question of estoppel is a factual question. Did you ask to amend the complaint? We didn't cross move to amend the complaint, no, Your Honor. But I do think that it is a factual issue that the court below didn't even reach because it rendered its decision. Are you saying that a court should raise an estoppel issue sui sponte? No, I'm not saying that at all. Of course not. No, I think the way the court decided the case without addressing the estoppel issue, of course, makes sense since it dismissed the case based on this limitations issue. But what my argument on the estoppel claim is is that we're not foreclosed from raising it should this court deem that the two-year limitation period accrues at the close of the date of restoration, which was in May of 2014. And if the court should find that to be a reasonable interpretation of the policy here, then we would be able to move to amend or conduct discovery to demonstrate the estoppel claim and support our motion to amend to assert an estoppel claim. So I don't think that at this early stage that claim was completely waived or was waived. I can be sympathetic to your client because they did have insurance, which did seem to cover this kind of loss. And the kind of loss was catastrophic. But there was this limitation period, which on its face is a reasonable one, and which in the language of the statute most specifically seems to be quite clear. And there is an appellate division case holding exactly the same language to be so clear that even the New York contra profferentum doesn't seem to run the other way. Well, if you're referring to the Frisato case, that was a case regarding lost rents, I believe. And one could argue that on the date of the loss, you can assess what your losses are because of your rent roll. This case is not a lost rent case. This is a business income extra expense case. The policy itself states that the insured will be paid the actual loss that it sustains during the period of restoration. So how can the claim accrue on the date of the catastrophic loss when the damages themselves are not calculable on the date of the calamity? Could I go back? They're not calculable on the date of the calamity. But what is this document at A232? Details of claim, which is lost sales, less unincurred expense. That was A232. That is the proof of loss that or the claim that was made subsequent to the end of the close of the date of restoration. And what day was that? The date of, I believe it was May 2014. I'm not certain of the exact date. If you look, it says from January to April of 2014 when they're showing their damages there. And that's not a claim? Excuse me, that was, but according to. I think your adversary says that the company had calculated its BI and EE damages nearly nine months prior to expiration. Doesn't this document demonstrate that? Yes, it does. But it begs the question of when the claim actually accrued. Because our position is it would have accrued on the date that we could calculate those damages. The date that. I, too, have raised it and taken your time. But you told me you didn't file a claim before the two-year period had expired. And now you're saying you did. I think I was mistaken, Your Honor, because I thought you were referring to the business. Because they had paid out on the business property loss without the filing of proof of loss. This was filed subsequent. After this was filed, there was follow-up conversation between the parties, more investigation on the part of travelers. It exceeded beyond the two-year limitation period if you were to consider that limitation period as commencing on the date of the physical loss. But that would go to the estoppel argument that the lower court didn't really address. And we contend hasn't been waived because we can still move to amend should this court determine that the two-year limitation period accrues on the date that the damages are calculable. And the matter was commenced within two years of the date of that proof of loss, or the date of that claim, which is at page 232. Thank you. Thank you. Good morning, Your Honors. Just to clarify a few things, I'll be happy to answer any questions the court may have. But not only was the estoppel argument not brought up in the complaint, they never argued it below, before the Southern District. So I'm not saying they had to have put it in their complaint. They had to have made their argument below. So you can't not put it in your complaint and not argue it below and then bring it up for the first time on appeal. It just doesn't work that way. But even if they had a valid estoppel claim, had made a estoppel claim, they can't show that travelers did anything to lull them into the fact that they wouldn't have to bring a suit to get the relief they sought. And that's the standard for estoppel, which is their burden to prove anyway. And they clearly haven't done that via the allegations in the appeal for the first time. There isn't a single case out there that's cited by counsel that says you should have a different suit limitation period for business personal property or business income when they're all contained in the same coverage form. The suit limitation language is in one form. The one policy form covers business personal property, business income, and extra expense. And it all says within two years of the date direct physical loss or damage occurs. They haven't cited a single case that a court splits them out. Matter of fact, the Albert Forsetto case, which is the Fourth Department case, counsel in their brief said that, with the precise language of that policy. If you don't disagree that in a particular case, it would be unreasonable to apply that to losses that develop after, then the clause would not apply because that's what the Court of Appeals has in fact said. What I would agree, Judge, is so long as the claim is ascertainable prior to the expiration of the suit limitation period, which in this case was on August 8th of 14. Now, that's when they submitted their claim to us. We're not agreeing that was the date it was ascertainable. The impetus of submitting a claim is only in short. Travelers paid the business personal property much in advance because we had gotten documents to sustain it, we determined the amount, and we paid it. It wasn't until, let's see, a year and three months after the loss that the insured first submitted a business income loss. The business income loss is determined by looking at tax returns, profit and loss statements, bank accounts, and once they determined that loss, they submitted it. They could have arguably done that well before August, but the point is, by August 8th of 14, nine months prior to the expiration of the suit limitation period, they knew what their damage was. They knew what their claim was. It's the same number that's in the lawsuit here. And within that eight month period, prior to the expiration of the suit limitation period, they had two options. They could sue travelers, or they could ask for an extension of the suit limitation period, which happens all the time. And in this case, Classic was not only represented by an attorney by that point, prior to the expiration of the suit limitation period, it had from the outset retained a public insurance adjuster who clearly knows the limits of a suit limitation period, and the fact that neither of them did anything is telling. The first time they raised any of these issues was well after we'd already denied coverage. Happy to answer any questions the court may have, otherwise I'll rest on the record. Thank you. I just wanted to address the issue that my adversary raised, and that the court, I'm sorry, that the court also had raised regarding the fact that a claim was put in, or that had been ascertainable before the expiration of the two year period. If we determine, or if it's determined that that is the date that the claim accrued, the date that it was ascertainable as to what the actual damages were, and that's the language of the policy, then having commenced an action within two years of that date, the date that the claim was made, or the date that the damages were calculable was made. Is there in the policy as written that says that that is the date? The only reason we look at that date is to see whether what the policy seems to say is reasonable. But what is it that should cause us to pick that date or anything else, not in terms of what might make sense, but what the policy says? Because what the policy says, number one, is that the claim that is recoverable is actual loss, that the actual loss is calculated as within the period of restoration that's clearly set forth. In fact, the period of restoration doesn't even start until 72 hours after the date of the physical loss. And it ends either when you start business again in a new location, or if you've repaired your building and you've gone back to business in your building. The problem for your argument is that the policy also says no one may bring a legal action against us unless the action is brought within two years after the date on which the direct physical loss or damage occurred, and as analyzed by the district court, it doesn't set out a different limitations period for different categories of loss. Well, I would argue that that in and of itself presents an ambiguity in the insurance contract, because it's clearly applicable, that two-year period is clearly applicable to property loss. On the date of the property loss, the loss is complete. It's that day. But business income and extra expense loss are ongoing. That's why there is this acknowledgment that there's a period of restoration when you are having that loss. It doesn't make sense for the date that's set forth, the two-year date that's set forth, to commence on the date of the physical loss when what we're referring to is a different category of damages, an ongoing loss category of damages. So, that's it, thank you. Thank you. Thank you both for the argument today. And unusually, that is the only argument we have on for today. So I'm going to ask the clerk to adjourn court. Court is adjourned.